IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER:

JOHN NEUMAN, individually and
on behalf of others similarly situated,

       Plaintiff,

v.

EXAMSOFT WORLDWIDE, INC. a
Florida Corporation,

       Defendant,
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, JOHN NEUMAN (hereinafter referred to as "NEUMAN"), individually and on behalf of others similarly situated, by and through his undersigned counsel, hereby brings this action against the Defendant, EXAMSOFT WORLDWIDE, INC., a Florida Corporation (hereinafter referred to as "EXAMSOFT"), and in support states as follows:

1.    The Plaintiff, NEUMAN, brings this collective action for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended (hereinafter referred to as "FLSA"), 29 U.S.C. § 201 *et seq.* and 29 U.S.C. § 215(a)(3), individually and on behalf of others similarly situated, current and former employees of EXAMSOFT.

2.    NEUMAN, and all others similarly situated, seek to recover from EXAMSOFT overtime compensation owed to them, as well as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et. seq., and specifically under the provisions of the FLSA, 29 U.S.C. § 216(b).

3.    NEUMAN seeks to recover from EXAMSOFT lost wages owed to him, as well as

liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 215(a)(3).

4. NEUMAN is an individual who resided in Palm Beach County, Florida at all times material to this Complaint, and is *sui juris*.

5. EXAMSOFT is a registered Florida corporation, and at all times material to this Complaint, has conducted business in Palm Beach County, Florida.

6. Subject matter jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

7. At all times material to this Complaint, EXAMSOFT had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce.

8. At all times material to this Complaint, EXAMSOFT was an enterprises engaged in commerce or in the production of goods for commerce and was an employer as defined in 29 U.S.C. §§ 203(r) and 203(s).

9. At all times material to this Complaint, the annual gross sales volume of EXAMSOFT was in excess of $500,000.00 per annum.

10. Venue is proper as the causes of action occurred in the Southern District of Florida.

11. EXAMSOFT has been in business since 1998.  It develops and implements test assessments, including bar exams, with over 650 clients nationwide.

11. NEUMAN was employed by EXAMSOFT beginning in July 2013, until his employment was wrongfully terminated on October 15, 2014.

12. While employed by EXAMSOFT, NEUMAN was responsible for fielding customer phone calls, responding to customer emails, assisting customers with resolving technical issues, escalating highly technical problems to management, training customers on

2

company software following EXAMSOFT's best practices, informing customers of company upsell initiatives, answering the general support line for which customers called with general questions, escalating contract issues to management, printing and stapling exams, and attending office meetings.

13. NEUMAN regularly worked in excess of Forty (40) hours per week in one or more weeks during his employment with EXAMSOFT, which was during the (2) year statute of limitations period of the FLSA.

14. However, EXAMSOFT did not pay NEUMAN any additional compensation for the overtime hours that he worked.

15. Instead, EXAMSOFT paid NEUMAN on a salaried basis.

16. NEUMAN requested payment for his unpaid overtime wages in a letter sent to EXAMSOFT on September 30, 2014.

17. On October 15, 2014, instead of compensating NEUMAN for his unpaid overtime wages, EXAMSOFT terminated NEUMAN's employment.

18. Based on these allegations, NEUMAN seeks to recover relief from EXAMSOFT which includes, but is not limited to, overtime compensation, lost wages, liquidated damages, and attorneys' fees and costs.

19. All conditions precedent have been met or are waived.

20. Due to the actions of EXAMSOFT, NEUMAN has been forced to retain the services of the undersigned attorneys, and is obligated to pay reasonable attorneys' fees and costs for their services.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

## Count I- Violation of FLSA

21. NEUMAN avers all of the allegations contained in paragraphs 1 through 20 above, and incorporates them by reference as though they were fully set forth herein.

22. NEUMAN brings this action against EXAMSOFT for overtime compensation owed to him pursuant to the FLSA.

23. An employer who employs an employee for more than forty hours in any work week must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate of pay.  29 U.S.C. § 207(a)(1).

24. NEUMAN is entitled to be paid time and one-half of his regular rate of pay for each hour that he worked for EXAMSOFT in excess of forty (40) hours per between July 2013, and October 2014.

25. NEUMAN regularly worked in excess of forty (40) hours in a workweek, but was not paid any additional compensation for the overtime hours that he worked.

26. EXAMSOFT violated the FLSA when it failed to pay NEUMAN time and one-half his regular rate of pay for all hours that he worked in excess of forty (40) each week.

27. EXAMSOFT knowingly and willfully failed to pay NEUMAN overtime compensation at a rate of time and one-half of his regular rate of pay for all of the hours he worked in excess of forty (40) per week.

28. By reason of the said intentional, willful and unlawful acts of EXAMSOFT, NEUMAN has suffered monetary losses by being denied overtime wages, pursuant to the FLSA, 29 U.S.C. § 207(a)(1).

29. As a result of EXAMSOFT's willful and intentional violations of the FLSA, NEUMAN is entitled to liquidated damages.

THE TICKTIN GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

30. NEUMAN has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), he is entitled to recover all of his reasonable attorneys' fees and costs incurred in this action from EXAMSOFT.

WHEREFORE, the Plaintiff, JOHN NEUMAN respectfully requests judgment against the Defendant, EXAMSOFT WORLDWIDE, INC., a Florida Corporation, for all damages, including without limitation the payment of all overtime hours, at one and one-half his regular rate of pay, for the hours worked by NEUMAN for which he was not been properly compensated, including prejudgment interest, liquidated damages, reasonable attorneys' fees and costs, and for all other relief as this Honorable Court may deem just and proper.

## Count II- Retaliation in Violation of 29 U.S.C. § 215(a)(3)

31. NEUMAN avers all of the allegations contained in paragraphs 1 through 20 above, and incorporates them by reference as though they were fully set forth therein.

32. On September 30, 2014, NEUMAN was an employee of EXAMSOFT, and engaged in an activity protected by the FLSA when he sent a letter to EXAMSOFT demanding compensation for unpaid overtime wages. NEUMAN's letter also placed EXAMSOFT on notice that he intended to file this action.

33. Two weeks later, on October 15, 2014, NEUMAN suffered an adverse employment action when EXAMSOFT terminated his employment.

34. EXAMSOFT directly violated 29 U.S.C. § 215(a)(3), as NEUMAN's demand for unpaid overtime compensation and notice of this action was the motivating factor in EXAMSOFT's decision to terminate his employment.

WHEREFORE, the Plaintiff, JOHN NEUMAN respectfully requests judgment against the Defendant, EXAMSOFT WORLDWIDE, INC., a Florida Corporation, for all damages,

THE TICKTIN GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

including without limitation the payment of all lost wages, including prejudgment interest, liquidated damages, reasonable attorneys' fees and costs, and for all other relief pursuant to 29 U.S.C. § 215(a)(3), and as this Honorable Court may deem just and proper.

### **Demand for Trial by Jury**

The Plaintiff demands a trial by jury on all issues so triable.

Dated: November 25, 2014

>
> Respectfully submitted,
>
> s/ Rebecca Radosevich
> Rebecca Radosevich
> Florida Bar No.: 91205
> Serv529@LegalBrains.com
> Rradosevich@LegalBrains.com
> **THE TICKTIN LAW GROUP, P.A.**
> 600 West Hillsboro Boulevard
> Suite 220
> Deerfield Beach, Florida 33441-1610
> Telephone: (954) 570-6757
> Facsimile: (954) 570-6760
> Attorneys for the Plaintiff

6

**THE TICKTIN LAW GROUP, P.A.**
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757