IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 14-cv-81473-MARRA

JOHN NEUMAN, individually and
on behalf of others similarly situated under
29 U.S.C. 216(B),

       Plaintiff,

v.

EXAMSOFT WORLDWIDE, INC. a
Florida Corporation,

       Defendants,
_____/

## JOINT NOTICE OF SETTLEMENT AND MOTION FOR TELEPHONIC SETTLEMENT CONFERENCE

The Plaintiff, JOHN NEUMAN, and the Defendant, EXAMSOFT WORLDWIDE, INC., a Florida Corporation, by and through the undersigned counsel, jointly move this Court for a telephonic settlement conference to review and approve the parties' settlement agreement and in support thereof state:

1. The Plaintiff filed his Complaint in this case on November 25, 2014, and alleged that the Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter referred to as the "FLSA").

2. The Defendant in this case was not served, nor did it file a response to the Complaint.

3. Counsel for the Plaintiff and the Defendant negotiated an amicable resolution of the Plaintiff's claims. The parties resolved Plaintiff's FLSA claims in a manner which did not

compromise those claims and resulted in a settlement payment to Plaintiff of more than he could have been entitled to had he prevailed on his FLSA claim

4. The terms of the resolution are confidential. Therefore, the parties respectfully request a telephonic settlement conference to approve the settlement agreement.

## Memorandum of Law

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1352-53.

In accordance with *Lynn's Food*, the Court's review of the parties' agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation," *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement:

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of Plaintiff success on the merits:

(5) the range of possible recovery; and

(6) the opinions of counsel.

*See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 (11th Cir. 1994).

The settlement reached in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Plaintiff and the Defendant. In fact, the resolution did not involve Plaintiff compromising his claims and resulted in a settlement payment to him of more than he could have recovered had he prevailed on his overtime claims. To this end, the Plaintiff and the Defendant have at all times been represented by competent counsel experienced in the litigation of FLSA claims, and the parties' agreement represents a reasonable compromise of the Plaintiff's claims. Based upon the facts and circumstances of this case, the parties jointly advise the Court that the resolution reached under the terms of the parties' agreement is a fair and reasonable settlement of a bona fide dispute.

WHEREFORE, the Plaintiff, JOHN NEUMAN, and the Defendant, EXAMSOFT WORLDWIDE, INC., respectfully request that this Court schedule a telephonic settlement conference to review the parties' confidential settlement agreement to determine if it is fair and reasonable, and to approve a joint stipulation for dismissal of the action with prejudice.

Dated: January 28, 2015

Respectfully Submitted,

/s/ Rebecca A Radosevich
REBECCA RADOSEVICH
Florida Bar No. 91205
Email: rradosevich@legalbrains.com
**THE TICKTIN LAW GROUP, P.A.**
600 West Hillsboro Boulevard, Ste. 220
Deerfield Beach, Florida 33441-1610
Telephone: (954) 570-6757
Fax: (954) 570-6760
*Counsel for the Plaintiff*

/s/ Steven A. Siegel
STEVEN A. SIEGEL
Fla. Bar No.497274
Email: ssiegel@laborlawyers.com
**Fisher & Phillips, LLP**
450 E. Las Olas Boulevard, Ste. 800
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4724
Fax:  (954) 525-8739
*Counsel for the Defendant*