UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81473-CIV-MARRA

JOHN NEUMAN, individually and
on behalf of others similarly
situated under 29 U.S.C. 216(B),

    Plaintiff,

v.

EXAMSOFT WORLDWIDE, INC.,
a Florida corporation, and CT
CORPORATION, a Delaware
corporation

    Defendants.
_____/

## FINAL ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon the parties' Joint Notice of Settlement and Motion for Telephonic Settlement Conference [DE 10].  The parties state that they resolved Plaintiff's FLSA claims in a manner which did not compromise those claims and resulted in a settlement payment to Plaintiff of more than he could have been entitled to had he prevailed on his FLSA claim.  The parties state that the terms of the resolution are confidential and request a telephonic settlement conference to approve the settlement agreement.

In view of the parties' representation that Plaintiff's claim was not compromised and, in fact, the settlement will result in a payment to Plaintiff of more than he could have been entitled to had he prevailed on his FLSA claim, a telephonic settlement conference is unnecessary.  The Court finds the agreement did not involve

Plaintiff compromising his claims and resulted in a settlement payment to him of more than he could have recovered had he prevailed in his overtime claims. This result is consistent with the intent and purpose of the Fair Labor Standards Act and the requirements of *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the this cause is dismissed with prejudice. Each party shall bear their own fees and costs except as agreed to by the parties. All pending motions are deemed moot. This case is **CLOSED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 28th day of January, 2015.

_____
KENNETH A. MARRA
United States District Judge